**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:06-CV-815 CAS |
| SAPPINGTON GARDEN SHOP COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Sabrina Kapic's motion to intervene in this action as a party plaintiff pursuant to Federal Rule of Civil Procedure 24(a).

This action was commenced on May 23, 2006, when the Equal Employment Opportunity Commission ("EEOC") filed a complaint against defendant Sappington Garden Shop Company. The complaint alleges that defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") by committing unlawful employment practices with respect to its employee, Sabrina Kapic, by subjecting her to sexual harassment by her supervisor, who then terminated Ms. Kapic for complaining about the sexual harassment. On August 14, 2006, movant filed the motion to intervene as a matter of right in this action, citing 42 U.S.C. § 2000e-5(f)(1).

Under 42 U.S.C. § 2000e-5(f)(1), an aggrieved employee has an absolute right to intervene in a civil action brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1); see EEOC v. Contour Chair Lounge Co., 596 F.2d 809 (8th Cir. 1979). Federal Rule of Civil Procedure 24(a), however, imposes the requirement that the application to intervene be timely. Nevilles v. EEOC, 511 F.2d 303 (8th Cir. 1975). Thus, plaintiff's motion should be analyzed under Federal Rule of Civil Procedure 24(a).

Rule 24(a)(2) provides that a timely motion to intervene shall be granted if: (1) the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action; (2) the interest may be impaired; and (3) the interest is not adequately represented by an existing party to the action. See Jenkins by Jenkins v. State of Missouri, 78 F.3d 1270, 1274 (8th Cir. 1996); Kansas Public Employees Retirement System v. Reimer & Koger Assocs., Inc., 60 F.3d 1304, 1307 (8th Cir. 1995). Further, as a threshold matter, a proposed intervenor under Rule 24 must have Article III standing. Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999). Standing under Article III of the Constitution requires that a would-be litigant make a showing of three elements: (1) an "injury in fact," which is an invasion of a legally protected interest that is concrete, particularized and either actual or imminent; (2) the existence of a causal connection between the alleged injury and the conduct being challenged; and (3) redressability; i.e., that the injury is likely to be remedied by a favorable decision. Id.

The Court finds that movant Sabrina Kapic has standing because she alleges an injury in fact, i.e., a violation of Title VII, there is a causal connection between her alleged injury and the conduct of defendant being challenged, and the injury is likely to be remedied by a favorable decision. The Court also finds that Kapic's motion to intervene is timely, and she meets the elements of Rule 24(a). The first element is easily satisfied, because Kapic claims an interest in the resolution of claims that she suffered sexual harassment and retaliation at her place of employment. The second and third elements are also satisfied, as the EEOC is entrusted with the obligation to assert the public interest with respect to violations of Title VII, while Kapic is interested in exercising her rights under all available statutory remedies. Kapic's rights may be impaired if she is not permitted to intervene to assert these interests.

For these reasons, the motion to intervene should therefore be granted and Kapic should be permitted to file her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that movant Sabrina Kapic's motion to intervene is **GRANTED** and she is joined as a party plaintiff. [Doc. 7]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption of this case to read as follows: <u>Equal Employment Opportunity Commission, plaintiff, and Sabrina Kapic, intervenor plaintiff, v. Sappington Garden Shop Company, defendant</u>, No. 4:06-CV-815 CAS. The parties shall use this caption on all future pleadings.

**IT IS FURTHER ORDERED** that plaintiff/intervenor Sabrina Kapic shall file her complaint by **August 28, 2006**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __17th__ day of August, 2006.